IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jane doe, by and through her guardians, Gregory and Michelle Johnson, Gregory Johnson and Michelle Johnson and John and Jane Does #1-10,<br><br>      Plaintiffs,<br><br>v.<br><br>South Carolina Department of Social Services (SCDSS), Kameron Seth Cox, Titsa M. Flesch, Healthy Minds, L.L.C., Debby Thompson and John and Jane Roes #1-10,<br><br>      Defendants. | Civil Action No.<br>3:06-3663-JFA<br><br>**ANSWER OF DEFENDANTS SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES AND DEBBY THOMPSON** |

The Defendants South Carolina Department of Social Services and Debby Thompson answer the Complaint of the Plaintiff as follows:

**FOR A FIRST DEFENSE**

1.  The Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and these Defendants reserve the right to file a motion pursuant to Rule 12(b)(6), FRCP.

**FOR A SECOND DEFENSE**

1

2. The Defendants deny each and every paragraph not hereinafter admitted, qualified or explained.

3. As to Paragraph 1, the Defendants admit upon information and belief that Michelle Johnson and Gregory Johnson are citizens and residents of Kershaw County, South Carolina. As to the remainder of Paragraph 1, without the identity of Jane Doe, the Defendants lack sufficient knowledge of information upon which to form a belief as to the truth and veracity of same, and therefore the Defendants deny the remainder of Paragraph 1 and demand strict proof thereof.

4. Paragraph 2 makes reference to unnamed persons, and therefore the Defendants lack sufficient knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent Paragraph 3 states factual allegations against or attempts to impose liability upon the Defendants, the Defendants deny the same and demand strict proof thereof.

5. As to Paragraph 3, the Defendants admit the allegations contained therein.

6. As to Paragraph 4, the Defendants admit only that Kameron Seth Cox is currently committed to the Department of Juvenile Justice and has at times been under the jurisdiction of the South Carolina Department of Social Services. As to the

remainder of Paragraph 4, the Defendants deny the same and demand strict proof thereof.

7. As to Paragraphs 5 and 6, the Defendants admit the same upon information and belief.

8. As to Paragraph 7, the Defendants admit the same.

9. Paragraph 8 makes reference to unnamed persons, and therefore the Defendants lack sufficient knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent Paragraph 8 states factual allegations against or attempts to impose liability upon the Defendants, the Defendants deny the same and demand strict proof thereof.

10. Paragraphs 9, 10 and 11 set forth legal conclusions which can neither be admitted nor denied. To the extent these paragraphs attempt to establish liability on the Defendants, the Defendants deny the same and demand strict proof thereof.

11. As to Paragraphs 12, 21, 25, 28, 31, 34, 37, 43, 49, 54, 59, 64, 67, 71, 76 and 81, the Defendants reiterate and reallege each and every paragraph and affirmative defense set forth herein.

12. Paragraphs 13 – 20, 22 – 24, 26 – 27, 29 – 30, 32 – 33, 35 – 36, 38 – 42, 44 – 48, 50 – 53, 55 – 58, 60 – 63, 65 – 66, 67 – 70, 72 – 75, 77 – 80 and 82 - 85 make reference to unnamed persons, and therefore the Defendants lack sufficient

3

knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent these paragraphs state factual allegations against or attempt to impose liability upon the Defendants, the Defendants deny the same and demand strict proof thereof.

### FOR A THIRD DEFENSE

13. The Defendants would allege that they are immune from suit pursuant to the terms and conditions of the South Carolina Tort Claims Act, Section 15-78-10 et seq. including but not limited to Section 15-78-60.

### FOR A FOURTH DEFENSE

14. The Defendants at no time violated any clearly established constitutional rights which were known or should have been known to them and, therefore, are entitled to immunity.

### FOR A FIFTH DEFENSE

15. The Defendants would allege, upon information and belief, that any damages alleged to have been caused by the Defendants, which are specifically denied, must be apportioned between the Defendants and other tortfeasors pursuant to § 15-78-10 et. seq. of South Carolina Code of Laws.

**FOR A SIXTH DEFENSE**

16. The Department of Social Services and Debby Thompson in her official capacity are not persons amenable to suit under 42 U.S.C. 1983.

**FOR A SEVENTH DEFENSE**

17. The Defendants would allege that all claims for punitive damages be dismissed as such are not recoverable against the Defendants South Carolina Department of Social Services and Debby Thompson in her official capacity.

**FOR AN EIGHTH DEFENSE**

18. The Defendants would allege that the Plaintiffs' claims for punitive damages are barred by the South Carolina Tort Claims Act, specifically S.C. Code § 15-78-120(b).

**FOR A NINTH DEFENSE**

19. The Defendants would allege that punitive damages are not recoverable in an action for breach of contract.

**FOR A TENTH DEFENSE**

20. The Defendant South Carolina Department of Social Services would allege upon information and belief that during the performance or nonperformance of its employees' duties, its employees were not guilty of either corruption, bad faith, or malicious motives. Moreover, at all times referenced in the Plaintiffs' Complaint, this Defendant's employees were exercising their discretionary authority as public employees and

5

officers of the State of South Carolina and were acting in good faith and, therefore, the Defendants DSS and Debby Thompson in her official capacity are immune from suit.

### FOR AN ELEVENTH DEFENSE

21. The Defendants allege upon information and belief that Plaintiffs' injuries and damages, if any, were due to, occasioned by, or caused by intervening acts or omissions on the part of someone other than the Defendants, its agents, servants, or employees, without which acts and/or omissions the Plaintiffs would not have sustained any injuries or damages as are set forth in the Complaint, all of which the Defendants plead as a bar to this action.

### FOR A TWELFTH DEFENSE

22. The Defendants South Carolina Department of Social Services and Debby Thompson, in her official capacity, are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution.

### FOR A THIRTEENTH DEFENSE

23. As to the state law claims, the Defendants are entitled to the benefits of the statutory caps set forth in the South Carolina Tort Claims Act.

### FOR A FOURTEENTH DEFENSE

24. The Plaintiffs have failed to properly serve the Complaint upon these Defendants pursuant to Rule 4, FRCP, and,

6

therefore, the Defendants reserve the right to file a motion to dismiss.

### FOR A FIFTEENTH DEFENSE

25. The Defendants would allege that this action is barred by the *Rooker-Feldman* doctrine.

### FOR A SIXTEENTH DEFENSE

26. As to the Plaintiffs' contract claims, the Defendants plead lack of consideration.

### FOR A SEVENTEENTH DEFENSE

27. The Defendants would allege that this court lacks jurisdiction over any adoption issues handled pursuant to the laws of South Carolina dealing with the South Carolina Family court system.

### FOR AN EIGHTEENTH DEFENSE

28. The Defendants would allege that any claims regarding adoption issues set forth in the Plaintiffs' Complaint are collateral attacks on valid family court orders issued by the Family Court of South Carolina.

### FOR A NINTEENTH DEFENSE

29. The Defendants would allege that the United States District Court should abstain from hearing any matters pertaining to the Family Court of South Carolina, its jurisdiction and orders.

**FOR A TWENTIETH DEFENSE**

30. The Plaintiffs claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

DAVIDSON MORRISON & LINDEMANN, P.A.

__s/ William H. Davidson, II_____
WILLIAM H. DAVIDSON, II, FED ID# 425
KATE A. RICE, FED ID# 9363
1611 DEVONSHIRE DRIVE, 2ND FLOOR
POST OFFICE BOX 8568
COLUMBIA, SOUTH CAROLINA 29202-8568
wdavidson@dml-law.com
krice@dml-law.com
T: 803-806-8222
F: 803-806-8855

ATTORNEYS FOR DEFENDANTS SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES AND DEBBY THOMPSON

COLUMBIA, SOUTH CAROLINA

FEBRUARY 26, 2007