IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jane Doe, by and through her guardians, Gregory and Michelle Johnson, Gregory Johnson, Michelle Johnson, and John and Jane Does # 1-10, | ) ) ) ) ) | **CIVIL ACTION NO.: 3:06-3663-JFA** |
| Plaintiff, | ) ) | |
| v. | ) ) | **FIRST AMENDED COMPLAINT** *(JURY TRIAL DEMANDED)* |
| Kamerson Seth Cox, Titsa M. Flesch, Healthy Minds, L.L.C., Debby Thompson, and John and Jane Roes # 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, complaining of Defendants, allege the following:

**JURISIDICTION AND PARTIES**

1. Plaintiffs Jane Doe, Michelle Johnson, and Gregory Johnson are citizens and residents

of the Kershaw County, South Carolina. Jane Doe is a minor, age 11, and Michelle and Gregory

Johnson are her adoptive parents.

2. The identities of John and Jane Does # 1-10 are currently unknown, but these children

had the misfortune of being placed in the same homes as Defendant Kameron Seth Cox and

endured the same sexual and physical abuse as Plaintiff Jane Doe. Plaintiffs allege that the

individual employees, in their individual capacities, Defendant South Carolina Department of

Social Services (SCDSS) have not and do not adequately protect the rights of these individual

minors who have suffered due to the Department of Social Services' negligence. These

individuals have suffered during their childhood and will continue to suffer through their adult

years, through no fault of their own. The defendants' negligence and recklessness initially

caused the minors' emotional and physical distress and various other problems and conditions, and they cannot adequately protect these minors' interests without compromising their own. Plaintiffs seek to identify these individuals, seek to recover money damages for the abuse and torture they have suffered, and place that monetary recovery in trust for the future therapeutic, medical, and educational needs of these individuals who would otherwise be cast out of the system upon reaching the age of majority.

3.  Upon information and belief, Kameron Seth Cox is currently committed by judicial order to the Department of Juvenile Justice in Richland County, South Carolina and before his incarceration, he was in the custody and care of SCDSS as a foster child.

4.  Titsa M. Flesch, MSW, LMSW, is a social worker licensed by the state of South Carolina (license number 1682).  Upon information and belief, she is a resident of Sumter County, South Carolina and is either a partner or an employee, or both, of Healthy Minds, L.L.C.

5.  Upon information and belief, Healthy Minds, L.L.C. is a limited liability corporation in the state of South Carolina and its place of business is in the County of Sumter, South Carolina.

6. Upon information and belief, Debby Thompson is a social worker employed by the South Carolina Department of Social Services and is a resident of Greenville County, South Carolina.  She is being sue in her individual capacity

7.  Upon information and belief, Defendants John and Jane Roes # 1-10 are or were citizens of South Carolina, were involved in the foster care system as employees of the State of South Carolina; contractors hired by the state of South Carolina, or they were foster parents and knew or should have known of the events that occurred and were in a position to report and stop

2

the sexual abuse; or, these individuals were mandatory reporters as required by S.C. Code Ann. §

20-7-510.  These persons are being sued in their individual capacities.

8.  The United States District Court, District of South Carolina Court has jurisdiction

pursuant to 28 U.S.C. § 1331, federal question.

9.  Venue is proper under 28 U.S.C. § 1391, as most parties are citizens of the state of

South Carolina and all tortious acts, violations of Plaintiff's constitutional rights, and physical

injuries occurred in the counties of Sumter and Kershaw, State of South Carolina.

10.  This action is filed in the proper division, pursuant to 28 U.S.C. 121 and local Rule

3.01.

## CASE SUMMARY

11.  Plaintiffs reallege paragraphs 1-10 as if restated herein verbatim.

12. This is another sad and shameful story about the individuals who are and were

employees of our dysfunctional Department of Social Services. Plaintiff Jane Doe was born in

Greenville County, South Carolina in 1995. She and her brother, Defendant Kameron Seth Cox,

were removed by judicial order from their parents by the Department of Social Services pursuant

to statute.

13.  While in foster care, Defendant Kameron Seth Cox raped Jane Doe, his sister, also in

foster care, over a long period of time.  He also raped other children in group home settings.

When Plaintiff Jane Doe reported her rape to her Department of Social Services social worker

Debby Thompson and her privately contracted social worker, Titsa M. Flesch, of Healthy Minds,

L.L.C., these defendants both told Plaintiff not to talk about the rape.

14.  Meanwhile, Defendant Kameron Seth Cox continued to rape other children in the foster care system. Luckily, Plaintiff Jane Doe was separated from her brother and Plaintiffs Gregory and Michelle Johnson became her foster parents.  Plaintiff Jane Doe had some emotional problems, but the Johnsons were repeatedly assured by the defendant Debby Thompson and other adoption workers that these emotional problems would diminish as Plaintiff Jane Doe adjusted to her new family.

15.  The Johnsons were already experienced parents and inquired about the mental health of Plaintiff Jane Doe, including whether she had been physically, emotionally, or sexually abused.  Debby Thompson and other South Carolina Department of Social Services employees denied any of these problems. After the Johnsons decided to adopt their foster child, they duly inquired again into the emotional status and history of their soon-to-be adopted daughter.

16. Plaintiffs Gregory and Michelle Johnson love their adopted daughter, but they are quite certain they never would have adopted her had they known her long history of chronic and traumatic sexual abuse, emotional problems, and mental illness.  Defendants hid and intentionally covered up Jane Doe's severe problems.

17. The Johnsons are now afraid of their adopted daughter, as she has threatened and physically attacked them.  They are also afraid that she will molest their two sons.  They cannot control this child who is intensely angry and who has been betrayed in the past by those charged to protect her – the social workers, her therapists – in essence, the defendants.

18.  Today, Plaintiff Jane Doe cannot function in our world. She has been committed to a children's home for children with severe psychological illnesses.

19.  What is even more shocking is that Plaintiffs Gregory and Michelle Johnson would have never found out the origination of their adopted daughter's problems had the criminal justice system not caught up with and exposed the scandalous and unethical actions and failures of the defendants.

### FOR A FIRST CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1983)

20. Plaintiffs reallege paragraphs 1-19 as if restated herein verbatim.

21. Defendants Debby Thompson and John and Jane Roes # 1—10, Titsa M. Flesch, and Healthy Minds, L.L.C. violated Plaintiffs' constitutional rights and civil rights by failing to protect Plaintiff Jane Doe, and Plaintiffs John and Jane Does # 1—10 from physical and emotional injuries by physical and sexual abuse by and through their acts and/or their failure to act.  Defendants Debby Thompson and John and Jane Roes # 1—10 violated the constitutional rights of Gregory and Michelle Johnson by failing to disclose the chronic sexual abuse history and severe emotional and mental illness of Plaintiff Jane Doe.

22.  Defendants have endangered the Johnson family and others by failing to warn and failing to provide adequate information so that the Johnson family could make a conscientious and informed decision whether to adopt Plaintiff Jane Doe.  These individual persons are sued in their individual capacities.

23. Plaintiffs seek actual and punitive damages and attorney's fees and costs.

### FOR A SECOND CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1985)

24. Plaintiffs reallege paragraphs 1-24 as if restated herein verbatim.

25.  Defendants Debby Thompson, John and Jane Roes # 1—10, Titsa M. Flesch, and Healthy Minds, L.L.C. conspired to violate Plaintiffs' constitutional rights by failing to protect Plaintiff Jane Doe, and Plaintiffs John and Jane Does # 1— 10 from physical and emotional injuries by physical and sexual abuse by and through their acts and/or their failure to act. Defendants Debby Thompson, and John and Jane Roes # 1—10 violated the constitutional rights of Gregory and Michelle Johnson by conspiring not to disclose the sexual abuse history and severe emotional and mental illness of Plaintiff Jane Doe.  Defendants have endangered the Johnson family and others by failing to warn and failing to provide adequate information so that the Johnson family could make a conscientious and informed decision whether to adopt Plaintiff Jane Doe.  These individual persons are sued both in their official and individual capacities.

27. Plaintiffs seek actual and punitive damages and attorney's fees and costs

## FOR A THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1981)

28. Plaintiffs reallege paragraphs 1-27 as if restated herein verbatim.

29. Defendants Titsa M. Flesch and Healthy Minds, L.L.C. violated Plaintiffs' civil rights by failing to act and report the sexual and physical abuses of Plaintiffs.

30. Plaintiffs seek actual and punitive damages and attorney's fees and costs

## FOR A FOURTH CAUSE OF ACTION
### (Assault)

31. Plaintiffs reallege paragraphs 1-30 as if restated herein verbatim.

32. Defendants Titsa M. Flesch, Healthy Minds, L.L.C., and Kameron Seth Cox, whether through their own acts and their failure to act, placed Plaintiffs in reasonable fear of bodily harm.

33. Plaintiffs seek actual and punitive damages.

## FOR A FIFTH CAUSE OF ACTION
### (Battery)

34. Plaintiffs reallege paragraphs 1-33 as if restated herein verbatim.

35. Defendants Titsa M. Flesch, Healthy Minds, L.L.C., and Kameron Seth Cox, whether through their own acts and their failure to act, inflicted forcible contact on the persons of Plaintiffs.

36. Plaintiffs seek actual and punitive damages.

## FOR A SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress/Outrage)

37. Plaintiffs reallege paragraphs 1-36 as if restated herein verbatim.

38. Defendants Titsa M. Flesch, Healthy Minds, L.L.C., and Kameron Seth Cox intentionally inflicted severe emotional distress upon Plaintiffs or was certain or substantially certain that such distress would result from their conduct.

39. This conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

40. Defendants' actions caused Plaintiffs' emotional distress.

41. The emotional distress suffered by Plaintiffs' was so severe so that no reasonable man could be expected to endure it.

42. Plaintiffs seek actual and punitive damages.

## FOR A SEVENTH CAUSE OF ACTION
### (Professional Malpractice [Negligence])

43. Plaintiffs reallege paragraphs 1-42 as if restated herein verbatim.

7

44. Defendants Titsa M. Flesch and Healthy Minds, L.L.C., are, were, or employed certified social workers or therapists who were accredited by the State of South Carolina Department of Labor, Licensing, and Regulation.

45. These Defendants owed Plaintiffs a duty of care to protect them from infliction of physical and sexual abuse by Kameron Seth Cox, to report this abuse to law enforcement authorities, and to shield Plaintiffs from abusers.

46. These Defendants breached that duty by their negligent acts or omission.

47. Plaintiffs suffered damages that were proximately caused by Defendants' breach.

48. For professional malpractice, Plaintiffs seek actual and punitive damages.


**FOR A NINTH CAUSE OF ACTION**
**(Negligent Supervision)**

54. Plaintiffs reallege paragraphs 1-53 as if restated herein verbatim.

55. Defendant Healthy Minds, L.L.C. owed a duty to Plaintiffs to supervise properly its employees.

56. Defendant breached that duty by their negligent acts and/or omissions.

57. Plaintiffs' damages were proximately caused by Defendant's breaches of duty.

58. Plaintiffs seek actual and punitive damages.

**FOR A TENTH CAUSE OF ACTION**
**(Negligent Training)**

59. Plaintiffs reallege paragraphs 1-58 as if restated herein verbatim.

60. Defendant Healthy Minds, L.L.C. owed a duty to Plaintiffs to train properly their employees.

61. Defendant Healthy Minds, L.L.C. breached that duty by their negligent acts and/or omissions.

62. Plaintiffs' damages were proximately caused by Defendant's breaches of duty.

63. Plaintiffs seek actual and punitive damages.

**FOR A TWELVTH CAUSE OF ACTION**
**(False Imprisonment)**

67. Plaintiffs reallege paragraphs 1-66 as if restated herein verbatim.

68. Defendant Kameron Cox restrained Plaintiffs John and Jane Doe #1 – 10 directly or indirectly.

69. This restraint was intentional and this restraint was unlawful.

70. Plaintiffs seek actual and punitive damages.

WHEREFORE, Plaintiffs seek actual and punitive damages in an amount to be determined by a jury and attorney's fees and costs.

Respectfully submitted,

The Butcher Law Firm, PA

s//Robert J. Butcher
Robert J. Butcher
D.S.C. Bar No. 9767
Attorney for Plaintiffs
1124 Little Street
Post Office Box 128
Camden, South Carolina 29020
Telephone: 803.432.2088
Facsimile: 803.432.3066

Camden, South Carolina
March 22, 2007

9