IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Jane doe, by and through her guardians, Gregory and Michelle Johnson, Gregory Johnson and Michelle Johnson and John and Jane Does #1-10,<br><br>    Plaintiffs,<br><br>v.<br><br>Kameron Seth Cox, Titsa M. Flesch, Healthy Minds, L.L.C., Debby Thompson and John and Jane Roes #1-10,<br><br>    Defendants.<br>_____ | Civil Action No.<br>3:06-3663-JFA<br><br>**ANSWER OF DEFENDANT DEBBY THOMPSON TO PLAINTIFF'S AMENDED COMPLAINT**<br>(Jury Trial Demanded) |

The Defendant Debby Thompson answers the Complaint of the Plaintiffs as follows:

**FOR A FIRST DEFENSE**

1.   The Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and the Defendant reserves the right to file a motion pursuant to Rule 12(b)(6), FRCP.

**FOR A SECOND DEFENSE**

2.   The Defendant denies each and every paragraph not hereinafter admitted, qualified or explained.

1

3. As to Paragraph 1, the Defendant admits upon information and belief that Michelle Johnson and Gregory Johnson are citizens and residents of Kershaw County, South Carolina. As to the remainder of Paragraph 1, without the identity of Jane Doe, the Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth and veracity of same, and therefore the Defendant denies the remainder of Paragraph 1 and demands strict proof thereof.

4. Paragraph 2 makes reference to unnamed persons, and therefore the Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent Paragraph 3 states factual allegations against or attempts to impose liability upon the Defendant, the Defendant denies the same and demands strict proof thereof.

5. As to Paragraph 3, the Defendant admits only that Kameron Seth Cox is currently committed to the Department of Juvenile Justice and has at times been under the jurisdiction of the South Carolina Department of Social Services. As to the remainder of Paragraph 3, the Defendant denies the same and demands strict proof thereof.

7. As to Paragraphs 4 and 5, the Defendant admits the same upon information and belief.

8. As to Paragraph 6, the Defendant admits the same.

9. Paragraph 7 makes reference to unnamed persons, and therefore the Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent Paragraph 7 states factual allegations against or attempts to impose liability upon the Defendant, the Defendant denies the same and demands strict proof thereof.

10. Paragraphs 8, 9 and 10 set forth legal conclusions which can neither be admitted nor denied. To the extent these paragraphs attempt to establish liability on the Defendant, the Defendant denies the same and demands strict proof thereof.

11. As to Paragraphs 11, 20, 24, 28, 31, 34, 37, 43, 54, 59 and 67, the Defendant reiterates and realleges each and every paragraph and affirmative defense set forth herein.

12. Paragraphs 12 - 19, 21 – 23, 25 – 27, 29 – 30, 32 – 33, 35 – 36, 38 – 42, 44 – 48, 55 – 58, 60 – 63, and 68 – 70 make reference to unnamed persons, and therefore the Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth and veracity of the same. To the extent these paragraphs state factual allegations against or attempt to impose liability upon the Defendant, the Defendant denies the same and demands strict proof thereof.

**FOR A THIRD DEFENSE**

3

13. The Defendant at no time violated any clearly established constitutional rights which were known or should have been known to her and, therefore, is entitled to immunity.

### FOR A FOURTH DEFENSE

14. The Defendant alleges upon information and belief that Plaintiffs' injuries and damages, if any, were due to, occasioned by, or caused by intervening acts or omissions on the part of someone other than the Defendant, without which acts and/or omissions the Plaintiffs would not have sustained any injuries or damages as are set forth in the Complaint, all of which the Defendant pleads as a bar to this action.

### FOR A FIFTH DEFENSE

15. The Defendant would allege that this action is barred by the *Rooker-Feldman* doctrine.

### FOR A SIXTH DEFENSE

16. The Defendant would allege that this court lacks jurisdiction over any adoption issues handled pursuant to the laws of South Carolina dealing with the South Carolina Family Court system.

### FOR A SEVENTH DEFENSE

17. The Defendant would allege that any claims regarding adoption issues set forth in the Plaintiffs' Complaint are collateral attacks on valid family court orders issued by the Family Court of South Carolina.

**FOR AN EIGHTH DEFENSE**

18. The Defendant would allege that the United States District Court should abstain from hearing any matters pertaining to the Family Court of South Carolina, its jurisdiction and orders.

**FOR A NINTH DEFENSE**

19. The Plaintiffs claims are barred by the applicable statute of limitations.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, the Defendant prays that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

DAVIDSON MORRISON & LINDEMANN, P.A.

__s/ William H. Davidson, II_____
WILLIAM H. DAVIDSON, II, FED ID# 425
KATE A. RICE, FED ID# 9363
1611 DEVONSHIRE DRIVE, 2ND FLOOR
POST OFFICE BOX 8568
COLUMBIA, SOUTH CAROLINA 29202-8568
wdavidson@dml-law.com
krice@dml-law.com
T: 803-806-8222
F: 803-806-8855

ATTORNEYS FOR DEFENDANT DEBBY THOMPSON

COLUMBIA, SOUTH CAROLINA

APRIL 4, 2007