IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jane Doe, by and through her guardians, Gregory and Michelle Johnson, Gregory Johnson, Michelle Johnson, and John and Jane Does # 1-10,<br><br>    Plaintiffs,<br><br>vs.<br><br>Kameron Seth Cox, Titsa M. Flesch, Healthy Minds, L.L.C., Debby Thompson, and John and Jane Does # 1-10,<br><br>    Defendants. | C.A. NO. 3:06-CV-03663-JFA<br><br>**ANSWER OF DEFENDANT TITSA M. FLESCH AND HEALTHY MINDS, L.L.C. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

  COMES NOW Defendants Titsa M. Flesch and Healthy Minds, L.L.C. (hereinafter, collectively, "Defendants"), by and through their counsel, Womble Carlyle Sandridge & Rice, PLLC, and respond to the First Amended Complaint of Plaintiffs Jane Doe, by and through her guardians, Gregory and Michelle Johnson, Gregory Johnson, Michelle Johnson, and John and Jane Does # 1-10 (hereinafter "Plaintiffs") as follows:

## <u>FOR A FIRST DEFENSE</u>
*(Failure to State Facts Sufficient to Constitute a Cause of Action)*

  The First Amended Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted as to these Defendants, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## FOR A SECOND DEFENSE

Defendants deny all allegations not hereinafter specifically admitted. As to the correspondingly numbered Paragraphs to the First Amended Complaint, Defendants respond as follows:

## JURISDICTION AND PARTIES

1. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and therefore deny the same.

2. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 and therefore deny the same. To the extent Paragraph 2 alleges or implies any wrong-doing or tortious behavior on the part of Defendants, it is denied.

3. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 and therefore deny the same.

4. Titsa M. Flesch (hereinafter "Flesch") is a licensed social worker in the State of South Carolina, a resident of Sumter County, South Carolina and a co-owner of Healthy Minds, L.L.C.

5. Healthy Minds, L.L.C. (hereinafter "Healthy Minds") is a South Carolina limited liability corporation with its principal place of business in Sumter County, South Carolina.

6. Debby Thompson is, or at one time was, employed by the South Carolina Department of Social Services. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6 and therefore deny the same.

7. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 and therefore deny the same. To the extent Paragraph 7 alleges or implies any wrong-doing or tortious behavior on the part of Defendants, it is denied.

8. The allegations of Paragraph 8 assert a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the same.

9. The allegations of Paragraph 9 assert a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the same. To the extent Paragraph 9 alleges or implies any wrong-doing or tortious behavior on the part of Defendants, it is denied.

10. The allegations of Paragraph 10 assert a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the same.

## CASE SUMMARY

11. Defendants incorporate herein by reference their responses to Paragraphs 1 through 10 of the Answer as if fully restated herein.

12. It is admitted that any story of a boy raping his sister, if true, is sad and shameful, but it is denied that Defendants committed any wrongdoing in connection with the same. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 and therefore deny the same.

13-17. Denied.

18. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 and therefore deny the same.

19. Denied.

## FOR A FIRST CAUSE OF ACTION
*(Violation of 42 U.S.C. § 1983)*

20. Defendants incorporate herein by reference their responses to Paragraphs 1 through 19 of the Answer as if fully restated herein.

21-23. Denied.

## FOR A SECOND CAUSE OF ACTION
*(Violation of 42 U.S.C. § 1985)*

24. Defendants incorporate herein by reference their responses to Paragraphs 1 through 23 of the Answer as if fully restated herein.

25. Denied.

26. There is no Paragraph 26 in the First Amended Complaint. To the extent a response is deemed to be required, Defendants deny the same.

27. Denied.

## FOR A THIRD CAUSE OF ACTION
*(Violation of 42 U.S.C. § 1981)*

28. Defendants incorporate herein by reference their responses to Paragraphs 1 through 27 of the Answer as if fully restated herein.

29-30. Denied.

## FOR A FOURTH CAUSE OF ACTION
*(Assault)*

31. Defendants incorporate herein by reference their responses to Paragraphs 1 through 30 of the Answer as if fully restated herein.

32-33. Denied.

## FOR A FIFTH CAUSE OF ACTION
*(Battery)*

34. Defendants incorporate herein by reference their responses to Paragraphs 1 through 33 of the Answer as if fully restated herein.

35-36. Denied.

## FOR A SIXTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress / Outrage)*

37. Defendants incorporate herein by reference their responses to Paragraphs 1 through 36 of the Answer as if fully restated herein.

38-42. Denied.

## FOR A SEVENTH CAUSE OF ACTION
*(Professional Malpractice [Negligence])*

43. Defendants incorporate herein by reference their responses to Paragraphs 1 through 42 of the Answer as if fully restated herein.

44-48. Denied.

49-53. There are no Paragraphs 49 through 53 in the First Amended Complaint, nor is there an Eighth Cause of Action asserted therein. To the extent a response is deemed to be required, Defendants deny the same.

## FOR AN EIGHTH CAUSE OF ACTION
*(Negligent Supervision)*

54. Defendants incorporate herein by reference their responses to Paragraphs 1 through 53 of the Answer as if fully restated herein.

55-58. Denied.

5

## FOR A NINTH CAUSE OF ACTION
*(Negligent Training)*

59. Defendants incorporate herein by reference their responses to Paragraphs 1 through 58 of the Answer as if fully restated herein.

60-63. Denied.

64-66. There are no Paragraphs 64 through 66 in the First Amended Complaint, nor is there an Eleventh Cause of Action asserted therein. To the extent a response is deemed to be required, Defendants deny the same.

## FOR A TENTH CAUSE OF ACTION
*(False Imprisonment)*

67. Defendants incorporate herein by reference their responses to Paragraphs 1 through 66 of the Answer as if fully restated herein.

68-70. Denied.

## AS TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief prayed for in any part of the First Amended Complaint, including, but not limited to, the last unnumbered Paragraph on the ninth page of said First Amended Complaint.

## FOR A THIRD DEFENSE
*(Statute(s) of Limitations / Statute(s) of Repose)*

Some or all of Plaintiffs' claims may be barred by the applicable statute(s) of limitation and/or statute(s) of repose.

## FOR A FOURTH DEFENSE
*(Failure to Mitigate)*

Some or all of Plaintiffs' damages may be barred by their failure to mitigate damages.

6

## FOR A FIFTH DEFENSE
*(Unclean Hands / Laches / Estoppel / Waiver / Res Judicata)*

Some or all of Plaintiffs' claims may be barred by the doctrines of unclean hands, laches, estoppel, waiver and/or res judicata.

## FOR A SIXTH DEFENSE
*(Comparative / Contributory Negligence)*

Any damages sustained by Plaintiffs are due to and caused by the negligence and recklessness of Plaintiffs or their agents and representatives, which acts combined, contributed, and concurred with any alleged negligence or recklessness on the part of Defendants, if any, which is expressly denied and, therefore, Plaintiffs are barred from recovery herein, or, in the alternative, such recovery should be reduced proportionately because of comparative and/or contributory fault.

## FOR A SEVENTH DEFENSE
*(Any Damages Caused by Negligence of Third Party)*

Any damages sustained by Plaintiffs are due to and caused by the negligence and recklessness of a party other than Defendants.

## FOR AN EIGHTH DEFENSE
*(Treble / Punitive Damages Improper)*

Plaintiffs' claims for treble and punitive damages are barred by the applicable provisions, including the due process clauses, in both the United States and the State of South Carolina Constitutions. Plaintiffs are not entitled to an award of exemplary, treble or punitive damages against Defendants, because an award of such damages in this case would be inappropriate, contrary to the purposes for which such damages may be allowed, contrary to public policy, inherently unfair and would deny Defendants their right to equal protection of law and due process of laws guaranteed by the Constitution of the United States and the South Carolina

Constitution. Furthermore, Defendants did not engage in any intentional, reckless, careless, grossly negligent, wanton and willful, or any other act or omission, or as otherwise pled by Plaintiffs as to give rise to any claim of treble or punitive damages or any other form of damages under South Carolina law. Furthermore, treble or punitive damages are inappropriate and/or limited by the decision of the United States Supreme Court in State Farm v. Campbell, 538 U.S. 408, 123 S.Ct. 1513 (2003).

Additionally, an award of treble or punitive damages under the law of South Carolina violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and the South Carolina Constitution in that:

(a) The judiciary's ability to correct a treble or punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(b) Any award of treble or punitive damages serving a compensatory function is inconsistent with due-process guarantees;

(c) Any award of treble or punitive damages based upon the assets of Defendants violates due process guarantees;

(d) The jury's unfettered power to award treble or punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due-process guarantees;

(e) Any award of treble or punitive damages may be duplicative under circumstances of this case making it violative of due-process guarantees;

(f) Even if it could be argued that the standard governing the imposition of treble or punitive damages exists, the standard fails to give Defendants

8

                    prior notice of the conduct for which treble or punitive damages may be imposed and is void for vagueness; and

      (g)    Plaintiffs' claims for treble or punitive damages violates the equal-protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of treble or punitive damages is based upon the assets of Defendants.

Additionally, an award of treble or punitive damages in this case against Defendants would contravene the Commerce Clause of the United States Constitution in that such award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

Finally, an award of treble or punitive damages in this case against Defendants would have a chilling effect upon Defendants' rights to open access to the courts of this State, in violation of the United States Constitution and the South Carolina Constitution.

### FOR A NINTH DEFENSE
*(Rooker-Feldman Doctrine)*

Defendants allege that this action is barred by the Rooker-Feldman doctrine.

### FOR AN TENTH DEFENSE
*(Lack of Jurisdiction)*

Defendants allege that this Court lacks jurisdiction over any adoption issues handled pursuant to the laws of South Carolina dealing with the South Carolina Family Court system.

### FOR AN ELEVENTH DEFENSE
*(Lack of Jurisdiction)*

Defendants allege that any claims regarding adoption issues set forth in the Plaintiffs' First Amended Complaint are collateral attacks on valid family court orders issued by the Family Court of South Carolina.

## FOR A TWELFTH DEFENSE
*(Abstention)*

Defendants allege that the United States District Court should abstain from hearing any matters pertaining to the Family Court of South Carolina, its jurisdiction and orders.

## FOR A THIRTEENTH DEFENSE
*(Improper Service and/or Service of Process)*

Defendants assert that process and/or service of process may have been improper as to one or both Defendants, and, therefore, the Compliant should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

## RESERVATION AND NON-WAIVER

Defendants reserve and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Defendants Titsa M. Flesch and Healthy Minds, L.L.C. pray:

1. That Plaintiffs have and recover nothing of Defendants, and that the First Amended Complaint be dismissed with prejudice;

2. That issues of fact, if any, be tried by a jury;

3. That the costs of this action be taxed to Plaintiffs;

4. That the Court award Defendants attorneys' fees as permitted by law;

5. That the Court order such other and further relief as it deems just and proper.

Dated: April 12, 2007
Greenville, South Carolina

WCSR 3585259v1

  /s/ Michael James Bogle
Michael J. Bogle (Fed I.D. #9322)
 Email: mbogle@wcsr.com
Clayton M. Custer (Fed I.D. #8045)
 Email: ccuster@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE
*A Professional Limited Liability Company*
550 S. Main Street, Suite 400
P.O. Box 10208
Greenville, SC 29603
(864) 255-5400
*Attorneys for Defendants Titsa M. Flesch and Healthy Minds, L.L.C.*

11