IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jane Doe, by and through her guardians, ) | **CIVIL ACTION NO.: 3:06-3663-JFA** |
| Gregory and Michelle Johnson, Gregory ) | **3:07-1629-JFA** |
| Johnson, Michelle Johnson, and John and ) | |
| Jane Does # 1-10, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S INFORMATIVE** |
| v. ) | **MOTION REGARDING** |
| ) | **DEFENDANTS' ATTEMPT TO** |
| South Carolina Department of Social ) | **DISQUALIFY COUNSEL AND** |
| Services (SCDSS), ) | **MEMORANDUM OF LAW** |
| Kameron Seth Cox; Tista M. Flesch-10, ) | |
| Healthy Minds, LLC, Debby Thompson and ) | |
| John and Jane Roes # 1-10, ) | |
| ) | |
| Defendants. ) | |
| Jane Doe, by and through her guardians, ) | |
| Gregory and Michelle Johnson, Gregory ) | |
| Johnson, Michelle Johnson, and John and ) | |
| Jane Does # 1-10, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of Social ) | |
| Services, Directors Elizabeth G. Patterson, ) | |
| Kim S. Aydlette, Managerial Roes # 1 – 10, ) | |
| Supervisory Roes # 1 – 10, Caseworker ) | |
| Roes # 1-10; Foster Parent Roes # 1 – 10, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS, BY AND THROUGH THEIR COUNSEL, file this Informative Motion Regarding Defendants SCDSS, Thompson, Patterson, and Adylette's Attempt to Disqualify Plaintiffs' Counsel, Attorney Janet T. Butcher, and states as follows:

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## I.   MOTION

Pursuant to R. 11, Fed.R.Civ.P., Plaintiffs attempted to resolve this matter with Defendants via e-mail on March 27, 2008.  This attempt was unsuccessful.

Defendants have not filed a written motion to disqualify Attorney Janet T. Butcher (JTB) as Plaintiffs' counsel with this court.  Defendants, however, have on three occasions attempted to name JTB as a witness or attempted to prevent her from advocating for her clients on the basis that she is a witness and is disqualified from representing Plaintiffs pursuant to Rule 407, 3.7, SCACR.  Defendants have named JTB as a witness in Defendant's Answers to Plaintiffs' First Set of Interrogatories to SCDSS.  During the motion hearing on March 5, 2008, Defendants implied that JTB would be called as a witness.  Defendants have also refused to allow attorney JTB to view the original DSS file because they have named her as a witness.  Plaintiffs believe that the proper procedure to address this issue is to raise an informative motion so that the Court may rule on this raised dispute/conflict as soon as possible.  Plaintiffs seek an order 1) denying Defendants' attempts to disqualify JTB as an attorney, 2) authorizing JTB to review SCDSS' original file, and 3) awarding attorney's fees and costs to Plaintiffs for having to bring this motion.

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## II.     PROCEDURAL HISTORY

During the fall of 2003, the Plaintiffs, Greg and Michelle Johnson, secured the services of JTB in order to adopt Plaintiff Jane Doe.  Plaintiffs reviewed their pleadings and received the legal advice of their counsel, JTB, regarding the adoption procedure.  Plaintiffs adopted Jane Doe on November 20, 2003.

On December 21, 2004 Kameron Cox disclosed at Eckerd Youth Alternatives Camp that he had sexually abused his sister, Jane Doe, while in foster care.  Eckerd reported this disclosure to SCDSS on January 7, 2005.

On March 4, 2005, SCDSS disclosed to the Johnson family that Kameron had sexually abused his sister while both were placed together while in the foster care of Defendant SCDSS.  The Johnson family again sought the counsel of JTB.  This action followed.

On February 28, 2008, Defendants SCDSS named attorney Janet T. Butcher as a witness in their responses to Plaintiffs' First Set of Interrogatories.  **See attached Exhibit A.**

On March 5, 2008 Kate Rice (Rice), attorney for Defendants, stated during a hearing before this Court that JTB was the adoption attorney for Gregory and Michelle Johnson during the adoption of Plaintiff Jane Doe and implied that Janet T. Butcher would be called by Defendants as a witness.

On March 21, 2008, JTB contacted Kate Rice and requested to see the original SCDSS file from which Defendants' responses to Plaintiffs First Requests to Produce and Interrogatories were copied, as some copies were illegible, documents were missing, and the order and

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

arrangement of the documents were disparate and disarrayed.  At first, Rice outright refused to allow JTB to review the original SCDSS documents, claiming that she was a witness.  On March 21, 2008, Rice said that Robert Butcher could review the files.

On March 24, 2008, JTB followed up her phone call to Kate Rice by sending a fax to her requesting to review the original SCDSS file. **See attached Exhibit B**

On March 27, 2008, Robert J. Butcher, Attorney for Plaintiffs, sent an e-mail to Kate Rice requesting that she withdraw Janet T. Butcher's name as a potential witness and cease trying to disqualify her as counsel; especially since there were other witnesses available, namely Gregory and Michelle Johnson.  **See attached Exhibit C**.

On March 26, 2008, Counsel for Defendants, Kate Rice, responded in writing to JTB's requests stating, "Finally, I would object to having Janet review the DSS file.  She has been named as a witness in this matter."  **See attached Exhibit D**.

On March 27, 2008, Robert Butcher sent an e-mail to Rice, requesting that JTB be permitted to review the original SCDSS files. **See attached Exhibit D.**

On April 4, 2008 Defendants filed a motion for summary judgment.


**III.     Overview**

Defendants have attempted to name Plaintiffs' counsel JTB as a witness in this action. Plaintiffs can only surmise that Defendants believe that JTB will testify as to her advice and counsel to Gregory and Michelle Johnson during the adoption proceedings.  JTB has no

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

additional information which has not been produced from the adoption file or which cannot be

testified to by the Johnsons.  One of Defendant's defenses, a defense that Plaintiffs dispute, is

that Plaintiffs entered into the adoption of Jane Doe under the advice of counsel and were fully

informed of all prior or known sex abuse.  While these conversations are protected by privilege,

Plaintiffs concede that all conversations, advice, and counsel provided by JTB to the Johnsons

concerning the adoption of Jane Doe, and <u>only</u> those conversations, may have to be waived if the

Court determines that Defendants have substantial need to abrogate the attorney client privilege

in order to litigate fairly this defense.  But JTB is not the only witness to these conversations, as

Gregory and Michelle Johnson were present during these meetings and they are capable of

testifying to these facts.  Plaintiffs assert that the exclusion of their attorney would work

substantial hardship upon them.

  The United States Court of Appeals for the Fourth Circuit has held that "[t]he drastic

nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary

canons at the expense of litigants' rights freely to choose their counsel; and that they always

remain mindful of the opposing possibility of misuse of disqualification motions for strategic

reasons.  *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142 (4th Cir. 1992), citing *Woods v. Covington*

*County Bank,* 537 F.2d 804, 813 (5th Cir. 1976).

Plaintiffs' Informative Motion Regarding
Defendants' Attempt to Disqualify Counsel

Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA

IV.    **Local Rule 83.I.08, Rules for Disciplinary Enforcement (RDE) Adopts the South Carolina Rules of Professional Conduct**

The United States District Court for the District of South Carolina has adopted "the South Carolina Rules of Professional Conduct (Rule 407 of the South Carolina Appellate Court Rules) adopted by the Supreme Court of the State of South Carolina, as amended from time to time by that state court, except as otherwise provided by specific rule of this Court." LR 83.I.08, RDE Rule IV(B). See also *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F. Supp. 226 (1988). "It is the court's responsibility to use its disqualification power to see that those who practice before the court adhere to the South Carolina [Rules of Professional Conduct]." *Clinton Mills, Inc.* at 229

There are several rationales for disqualifying an attorney witness which the Court cites, such as (1) juror confusion, (2) protection of a client's interests, (3) protection of an opposing party's interest, and (4) a "tainting" of the system where an appearance of impropriety is created. See *Clinton Mills, Inc.* and *Moore's Federal Practice - Civil* § 812.01, Matthew Bender & Company, Inc. (2007) for a discussion on the rationales of Rule 407, 3.7, SCARC.

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## V.    Rule 407, 3.7, SCACR Is Not Absolute and Contains Exceptions

Rule 407, 3.7, SCACR, Lawyer As Witness states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a
> necessary witness unless:
> > (1) the testimony relates to an uncontested issue;
> > (2) the testimony relates to the nature and value of legal services rendered in the
> > case; or
> > (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's
> firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or
> Rule 1.9.

The purpose of Rule 407, 3.7 SCARC is to prevent prejudice to an opposing party when

an attorney combines the roles of advocate and witness, thereby placing that attorney in a

conflict of interest.  Rule 407, 3.7 SCACR, Comment 1.  "The tribunal has proper objection

when the trier of fact may be confused or misled by a lawyer serving as both advocate and

witness.  The opposing party has proper objection where the combination of roles may prejudice

that party's rights in the litigation.  A witness is required to testify on the basis of personal

knowledge, while an advocate is expected to explain and comment on evidence given by others.

It may not be clear whether a statement by an advocate witness should be taken as proof or as an

analysis of the proof."  Rule 407, 3.7 SCACR, Comment 2.

Paragraph (a) of Rule 407, 3.7 SCACR  prohibits a lawyer from simultaneously serving

as advocate and necessary witness except in those circumstances specified in paragraphs (a)(1)

through (a)(3).  Rule 407, 3.7 SCACR, Comment 3.

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Rule 407, 3.7 SCACR, Comment 3. Plaintiffs cannot envision that JTB would present testimony which conflicts with the testimony of Gregory and Michelle Johnson. Any and all information that JTB received from SCDSS and its employees is the same information that the Johnsons received from SCDSS and that information would be, at best, cumulative to the testimony of the Johnsons. The fact that Defendants do not like the Johnson's testimony does not allow them to call the Johnson's attorney as a witness in their search to create some type of controversy. In fact, Plaintiffs assert that JTB would have received far less information than the Johnsons as JTB's work was purely legal and because this was a routine, uncontested foster child adoption, she did not have any conversations except for phone calls regarding procedural matters with employees of SCDSS. The Johnsons, on the other hand, had long, detailed conversations with SCDSS. Should Defendants take the opportunity to depose the Johnsons and then still assert that JTB has necessary information without which they will be unfairly prejudiced, Defendants must then overcome a substantial burden to demonstrate a compelling need to force the testimony of JTB and abrogate the attorney-client privilege.

Besides the exception in paragraph (a)(1), Rule 407, 3.7 SCARC, paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other

8

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

witnesses.  Even if there is risk of such prejudice, in determining whether the lawyer should be

disqualified, due regard must be given to the effect of disqualification on the lawyer's client.

Rule 407, 3.7 SCACR, Comment 3.

The Restatement (Third) of The Law Governing Lawyers § 108, Comment l, addresses

Rule 407, 3.7 SCARC:

> "a lawyer may call opposing counsel to the witness stand only when doing so is
> justified by compelling need…A lawyer called as a witness may be seriously
> disrupted in functioning as an advocate.  Calling opposing counsel may also
> create the false impression in the eyes of a jury that the lawyer was improperly
> involved in the underlying transaction. An adversary who wishes to make an issue
> of an opposing advocate's role as a prospective witness normally should promptly
> move for disqualification."  Citations Omitted.

The reporter's notes to Restatement (Third) of The Law Governing Lawyers § 108,

Comment l also state that it "[is apparently universally observed that] a mere declaration of

intent to call an opposing lawyer as a witness does not by itself disqualify the opposing lawyer.

See also *Security Gen. Life Ins. v. Superior Court*, 718 P.2d 985, 988 (Ariz.1986); *Thompson v.*

*Goetz*, 455 N.W.2d 580, 587 (N.D.1990)."

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## VI.    Application of Rule 407, 3.7, SCACR By The Courts

In *Clinton Mills, Inc.*, the Court placed the burden on the party calling opposing counsel as a witness to demonstrate a compelling need.  Where information was known to other witnesses, such as in *Clinton Mills, Inc.,* or the case at bar, there is no compelling need to call opposing counsel.  The facts, as set out below, do not support the conclusion that Defendants should call JTB as a witness.  *Clinton Mills, Inc.* at 230.

It is undisputed that JTB was the attorney for Plaintiffs and that she represented these Plaintiffs during the adoption process.  The events, however, about which JTB could testify are more thoroughly known by the two witnesses, Gregory and Michelle Johnson.  In fact, JTB's conversations with her clients only related to the review of a very few documents provided by SCDSS at the time of the adoption.  The possibility that SCDSS would omit critical and important facts (concerning the sexual abuse history of a child) in their own documents which they submitted to the Johnsons, JTB, and the South Carolina Family Court was, at that time, unthinkable.  JTB's conversations with SCDSS and its employees centered solely on the procurement of documents.  JTB did not participate in the numerous meetings between the Johnsons, Defendant Deborah Thompson, and other employees of SCDSS.  In fact, that is not at all the usual province of the adoption attorney in what was presented as a routine and uncontested adoption case.  Witnesses other than the Johnsons who are knowledgeable of the facts include Deborah Thompson, Stephanie Spinks, David Barnes, and Titsa Flesch.  In short, JTB's testimony is unlikely even to be duplicative.  Her knowledge of what SCDSS and Deborah

10

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

Thompson disclosed to the Johnsons is limited only to papers SCDSS submitted to JTB.  The

attorney for any adoptive parents in an uncontested foster child case does not even see the "For

the Judge's Eyes Only" packet from SCDSS.

In an adoption action, unlike many other matters concerning children, it is beyond dispute

that all parties are concerned about "the best interests of the child."  Usually, an uncontested

adoption is one of the few actions in our courts where opposing parties honestly and fairly

disclose all relevant information and there is no discovery.  This is because the purpose of the

adoption is to ensure that the child fits with the family.  Since there is no right that must be

asserted, no wrong that must be righted, and no monetary reward to be had or lost, there is

usually no reason to dispute SCDSS's disclosures or even engage in discovery.  Most adoptions

begin with an honest and accurate disclosure of relevant information by both parties.  Most

adoptions end with tears of joy, smiles, pictures with the judge, and presents for the child.  Since

most all adoptions are non-adversarial, any exploration of Johnson's adoption action by

Defendants would be a waste of time and resources.  Defendants already have copies of JTB's

adoption file in this matter and, also, of the Family Court's adoption file.

In short, JTB's testimony would, at best, only duplicate the uncontested portions of the

Johnsons and the Defendants' other witnesses.  Like Edward Kallal in *Clinton Mills, Inc*., JTB

"can outline the dates on which the events occurred, but can offer little insight otherwise."

*Clinton Mills, Inc.* at 230.  "The testimony [of Janet T. Butcher] is of little, if any, probative

value" to either party or the factfinder.  *Clinton Mills, Inc.* at 230

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

"Before evidence or testimony may be admitted as relevant in a trial, it must have a 'tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" than the fact would have been had there been no proffer.'" *Clinton Mills, Inc.* at 231 citing *Fed.R. Evid*. 401. If other evidence is significantly less probative or credible or the issue is critical and contested, the lawyer's testimony, although cumulative, may be of significant forensic value and thus material." Defendant must specifically point to facts which are known only to JTB and these facts must be necessary to the defense of Plaintiffs' claims. Moreover, there is no doubt that Defendants will use other and friendlier witnesses to establish their defense.

The United States Court of Appeals for the Eighth Circuit analyzed the relevance and usefulness of a lawyer's testimony juxtaposed against the necessity of the testimony. Rule 3.7 of the "Rules of Professional Conduct has been interpreted to mean an attorney is a "necessary witness" only if "there are things to which he will be the only one available to testify." *Macheca Transport Co. v. Philadelphia Indemnity Insurance Co.*, 463 F.3d 827, 833 (2006) citing *State ex rel. Wallace v. Munton,* 989 S.W.2d 641, 646 (Mo.Ct.App.1999). "Testimony may be relevant and even highly useful, but still not strictly necessary. Blanket allegations that an attorney's testimony is relevant to a party's claim is an insufficient basis upon which to discern whether the attorney "will truly be a 'necessary witness' in the sense that there are things to which he will be the only one available to testify." *Macheca Transport Co.* at 383. Here, the Defendant "not only failed to identify the things to which Plaintiff's counsel would be the only one available to

12

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

testify, but also failed to identify whether anyone would even call him as a witness." *Macheca Transport Co.* at 383 – 384.

If the Defendants are simply seeking to learn if Gregory and Michelle Johnson's testimony can be contradicted by their counsel, JTB, this Court has in the past ruled that this tactic is impermissible. *Clinton Mills, Inc.* at 231. The Defendant "must specifically point to "how and as to what issues in the case the prejudice will occur…" *Clinton Mills, Inc.* at 231 citing *Freeman v. Kulicke & Soffa Industries, Inc*., 449 F. Supp. 974 (E.D. Penn. 1978), *aff'd*. 591 F.2d 1334 (3d Cir. 1979). The burdens required by this Court "ensures against using subpoena power [to call opposing counsel as witness] as a litigation device, by preventing the ouster of counsel if he is merely going to 'testify in a way that confirms [opposing side's] own witness's testimony or conflicts with his…client's witnesses on a point that is not disputed or is totally insignificant'" *Clinton Mills, Inc.* at 231 citing *Freeman*, 449 F.Supp. 977.

The substantial hardship exception to *Rule* 3.7 is construed narrowly. Accordingly, the "expense and possible delay inherent in any disqualification of counsel," without more, do not qualify as substantial hardship. *Brown v. Daniel*, 180 F.R.D. 298, 302 (D.S.C. 1998), citing *Estate of Andrews v. U.S.*, 804 F. Supp. 820, 829 (E.D. Va. 1992). To find "substantial hardship," courts have required something beyond the normal incidents of changing counsel, such as the loss of extensive knowledge of a case based upon a long-term relationship between the client and counsel and substantial discovery conducted in the actual litigation. *Brown v. Daniel* at 302, citing *Lumbard v. Maglia*, 621 F. Supp. 1529, 1540 (S.D.N.Y. 1985).

13

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

Disqualification of an advocate ordinarily works hardship on the client.  Relevant factors as to substantial hardship include the length of time the lawyer has represented the client, the complexity of the issues, the client's economic resources, the lawyer's care in attempting to anticipate or avoid the necessity of testifying, the extent of harm to the lawyer's client and opposing parties from the blending of the roles of advocate and witness, additional expense that disqualification would entail, and the effect of delay upon the interests of the parties and the tribunal.  Restatement (Third) of The Law Governing Lawyers § 108, Comment h.  See also *Brown v. Daniel*, 180 F.R.D. 298, 300 (D.S.C. 1998).

Plaintiffs have utilized the services of JTB for almost five years.  She is intimately familiar with the Johnson family, the case, and the issues.  There are very few attorneys in this state who practice in the civil rights arena, and even fewer attorneys who are willing to take on organizations such as SCDSS, especially in such complex areas as substantive and procedural due process claims.  There are even fewer attorneys who understand the mechanisms and workings of the South Carolina Department of Social Services, the composition of SCDSS case files, or the duties and responsibilities of the various Child Protective Services (CPS) workers, foster care workers, and adoption services workers.  It would be a major tactical coup for Defendants to have JTB disqualified as she has unique experience and extensive knowledge particular to the case which very few attorneys in this state could offer the Johnsons.

Plaintiffs estimate that about 4,000 documents have been exchanged.  Six expert witnesses have been retained by The Butcher Law Firm, PA and the firm is presently waiting on

14

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

reports from the experts.  Dozens of depositions must be taken after the Court lifts the

suspension of discovery.  The motions' practice has just begun to hit a high note.  The additional

expense to Plaintiffs that disqualification of JTB would entail would seriously handicap their

case.  The Butcher Law Firm, PA is composed of two attorneys.  This litigation has already

stretched this law firm thin.  It would take a monumental effort and cost a lot of money for

another attorney to step into this matter in order to assist JTB's co-counsel with the litigation of

this matter.  Further delay of this matter only hurts Jane Doe, as she is in desperate need of

residential treatment which the Johnsons cannot afford and their health insurance will not pay.

The United States District Court for the District of South Carolina applies the Rules of

Professional Conduct to the Supreme Court of South Carolina with some exceptions.  LR

83.I.08, RDE Rule IV(B).  In *Hagood v. Sommerville*, 362 S.C. 191, 607 S.E.2d 707 (2005) the

Supreme Court of South Carolina addressed the substantial rights that are lost when an attorney

is disqualified.  The court held:

> "The right to be represented by an attorney of ones [sic] choosing is one of those
> rare orders which, in effect, could determine the action and prevent a judgment
> from which an appeal might be taken, or could discontinue an action due to the
> potential impact on both the attorney-client relationship and the overall litigation
> and trial of the case.   Moreover, the right to be represented by ones preferred
> attorney is closely related to the right to a particular mode of trial, a well-
> established substantial right.  Deprivation of the right to ones preferred attorney
> would affect the attorney-client relationship, which is extremely important in our
> adversarial system." *Hagood v. Sommerville* at 197 – 198.

Another issue that *Clinton Mills, Inc.* addresses is the possibility that an attorney's

testimony may prejudice her own client.  *Clinton Mills, Inc.* at 230.  "A lawyer's testimony is

15

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

material when a reasonable lawyer, viewing the circumstances objectively, would conclude that failure of the lawyer to testify would have a substantially adverse effect on the client's cause. The forensic value of evidence must be assessed in practical terms." The Restatement (Third) of The Law Governing Lawyers § 108, Comment e. Plaintiffs assert that JTB's testimony would not prejudice Gregory and Michelle Johnson as the attorney's testimony about privileged conversations would not be adverse or contradictory to her clients' testimony. However implausible this scenario may be, Plaintiffs assert that should JTB be required to testify about privileged conversations, Michelle and Gregory Johnson waive any possible conflict and wish to continue to benefit from the services of JTB.

**VII.    Calling Opposing Counsel As A Tactical Maneuver**

Many courts, including this one, have also expressed a concern that parties who name opposing counsel as witnesses do so "purely as a tactical measure." See *Clinton Mills, Inc.* at 230, citing *Witco Chemical Corp. v. Peachtree Doors, Inc*., Civil Action No. C81-1648A, Lexis slip op. at 3, (N.D.Ga. March 14, 1983) quoting *Connell v. Clairol*, 440 F. Supp. 17, 18 n. 1 (N.D.Ga. 1981).

16

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## VIII.     Additional Case Law Addressing Lawyer as Witness.

Much of Gregory and Michelle Johnson's case lies with the conversations between the Johnsons and Defendant Deborah Thompson, all written disclosures made by SCDSS and its employees, and all statements made to the Court by SCDSS and its employees.  What occurred behind SCDSS' closed doors with Gregory and Michelle Johnson does change the principal allegations of the case—that the Johnsons received from the Defendants only partial information and that SCDSS intentionally submitted documents with serious and critical omissions to the Johnsons and to the Family Court.  The Johnsons were present during many of these events and they are the most relevant witnesses.

Other jurisdictions have used similar factors.  When an opposing attorney sought to disqualify an attorney by calling that attorney as a witness, the Kansas Court of Appeals created a three part test in evaluating the interests of the client, the tribunal, and the opposing party. *National Bank of Andover, N.A. v. Aero Standard Tooling, Inc.*, 49 P.3d 547 (Kan. Ct. App. 2002).  First, the Court determines whether it has been shown that the attorney would give evidence material to the determination of the issues being litigated.  Here, Plaintiffs believe that JTB's testimony would be much more limited than the Johnsons' testimony and her testimony would be less factual and more of a recitation of procedure due to the nature of her duties during the adoption case, and finally, her testimony would be, at best, cumulative.  Secondly, the Court asked whether the evidence could not have been obtained elsewhere. Here, the Johnsons are available to testify.  Lastly, the Kansas court asked whether the attorney's testimony would have

17

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

been prejudicial or potentially prejudicial to the testifying attorney's client.  Here, it is extremely unlikely that JTB's testimony would contradict the Johnsons and therefore, the Defendants would not be prejudiced.

The South Dakota Supreme Court used a different, but similar, set of factors in addressing an opposing party's motion to disqualify.  In *Rumpza v. Donalar Enterprises, Inc.*, 1998 SD 79, 581 N.W.2d 517 (S.D. 1998), a property insurer's attorney could be involuntarily disqualified from defending the insurer against its insureds' suit based on the attorney's involvement in the claims process which gave rise to the suit only if the insureds could show that:  (1)  no means existed to obtain the information other than to depose the attorney; (2) the information was relevant and nonprivileged; and (3) the information was crucial to the preparation of the case.   Here, again, all information that Defendants seek can be garnered through a review of applicable documents and the testimony of the Johnsons.  Also, an application of the remaining two South Dakota rules would protect privileged information and require that the information be crucial to the Defendant's case.

In *Southern Shipping Co. v Oceans International Corp.*, 174 GaApp 91, 329 SE2d 263 (1985), the attorney for plaintiff in business litigation, who also served as plaintiff's accountant, could not be disqualified on grounds that defendant intended to call him as necessary witness, since the attorney could not be compelled to give testimony as to facts learned as result of working for client, and in fact was not competent to so testify.

18

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

In *Ocean-Clear, Inc. v Continental Casualty Co.*, 94 App Div 2d 717, 462 NYS2d 251 (1983, 2d Dept), the court recognized the rule that, where an attorney is called as a witness for the adverse party, he should be disqualified as counsel if his testimony may be prejudicial to his own client. The court held that, since it concluded on a basis of a hearing record that attorneys' projected testimony had not been shown to be sufficiently adverse to factual assertions or account of events offered on behalf of plaintiffs, defendants did not meet their burden of establishing necessary prejudice, and cross motions to disqualify counsel should have been denied.

In still another case, where Plaintiffs' motion to disqualify defendants' attorney, on the ground that the attorney was likely to be a witness because he was involved in drafting and negotiating the agreement which was the object of the suit, was denied as premature, where plaintiffs presented no evidence that attorney had knowledge of relevant facts, or any evidence that, if he did, he was the only individual with such knowledge. *Standard Quimica De Venezuela, C.A. v. Central Hispano Intern., Inc.*, 179 F.R.D. 64 (D.P.R. 1998).

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

## IX.    An Attorney as Witness May Participate in the Pre-Trial Process.

Even if JTB  is required by the Court to be a witness, there is no reason to disqualify her

at the pretrial stage.  The reporter's notes to Restatement (Third) of The Law Governing Lawyers

§ 108, Comment states that the rule disqualifying an attorney as witness is limited to trials.  See

*Culebras Enters. Corp. v. Rivera-Rios*, 846 F.2d 94 (1st Cir.1988) (lawyer who will testify at

trial not precluded from pretrial work); *United States v. Castellano*, 610 F.Supp. 1359

(S.D.N.Y.1985) (same); *Bank One Lima, N.A. v. Altenburger*, 616 N.E.2d 954 (Ohio

Ct.App.1992) (lawyer's affidavit attesting receipt of documents, in addendum to brief on

summary-judgment motion, did not constitute becoming witness on merits of client's cause or

defense).

In another other case, a New York Supreme Court held in *Estate of Giantasio*, 173 Misc.

2d 100, 661 N.Y.S.2d 935 (Sur. Ct. 1997) that although an advocate-witness disqualification

would preclude a will-proponent's counsel from acting as trial counsel, this did not require

counsel's disqualification at the pretrial stage of the will contest.

Additionally, "at a trial," (as used in Rule 407, 3.7 SCACR which provides that lawyer

shall not act as advocate "at a trial" in which lawyer is likely to be a necessary witness on behalf

of a client) did not encompass pre-trial or post-trial proceedings, and thus, did not preclude

counsel from conducting pre-trial deposition, even if it were likely that counsel would be called

as a witness at trial.  *Columbo v. Puig*, 745 So. 2d 1106 (Fla. Dist. Ct. App. 3d Dist. 1999).  See

also *DiMartino v. Eighth Judicial Dist. Court ex rel. County of Clark*, 66 P.3d 945 (Nev. 2003),

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

### X.     Conclusion

Defendants' burden is substantial, and for Defendant to prove that Plaintiffs' counsel is material to their case, they must prove that a central issue turns on Plaintiffs' attorney's testimony which she and only she possesses. Any factual issue which JTB may possess is protected by attorney client privilege and can be attested to by lay witnesses, specifically Gregory and Michelle Johnson, Deborah Thompson, David Barnes, and Titsa Flesch. All other contacts between JTB and SCDSS employees focused solely on the process of the adoption. Defendant SCDSS never orally disclosed any information concerning sexual abuse of Jane Doe to JTB. Based on these facts, the testimony of the Gregory and Michelle Johnson, Deborah Thompson, David Barnes, and Titsa Flesch, the disclosure documents produced to Defendants by Plaintiffs, and Plaintiffs' attorney-client privilege, JTB is not a necessary witness as envisioned by Rule 407, 3.7 SCACR.

On March 27, 2008, Robert J. Butcher, Attorney for Plaintiffs, sent an e-mail to Kate Rice requesting that she withdraw JTB's name as a potential witness and cease her attempt to disqualify her as counsel, especially since there were other witnesses available, namely Gregory and Michelle Johnson. **See attached Exhibit B.** Kate Rice continued to maintain her position. Defendants' attempt to disqualify JTB is purely tactical, as they cannot state that Janet Butcher and only Janet Butcher can testify to that which is necessary for the defenses to Plaintiffs' claims.

21

**Plaintiffs' Informative Motion Regarding**
**Defendants' Attempt to Disqualify Counsel**

**Civil Action No.: 3:06-3663-JFA & 3:07-1629-JFA**

Plaintiffs seek an order denying Defendants' attempts to disqualify JTB as an attorney and authorizing Mrs. Butcher to review the SCDSS original files as soon as possible.  Plaintiffs have attempted to consult with Kate Rice, attorney for Defendants, and she refused to withdraw JTB's name as a potential witness and withdraw from her position that JTB is disqualified from advocating for Plaintiffs in this litigation.  Plaintiffs seek attorney's fees and costs for having to seek this order.  **See attached Exhibit E**, Affidavit of Attorney's Fees and Costs.

Respectfully submitted,


THE BUTCHER LAW FIRM, PA

s//Robert J. Butcher
Robert J. Butcher
Attorney for Plaintiffs
1124 Little Street
Post Office Box 128
Camden, South Carolina 29020
Phone – 803.432.2088
Facsimile – 803.432.3066
rjbutcher@camdensc-law.com


Camden, South Carolina
April 9, 2008